IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

EMMANUEL HERNANDEZ LAZCANO, and
JENNIFER LOPEZ CRUZ, Next Friend of
Petitioner Emmanuel Hernandez Lazcano;

         Petitioners,

   vs.

MARKWAYNE MULLIN, in his official
capacity as Secretary of Homeland Security;
TODD M. LYONS, in his official capacity as
Senior Official Performing the Duties of the
Director of U.S. Immigration and Customs
Enforcement;  DENVER FIELD OFFICE
DIRECTOR, ENFORCEMENT AND
REMOVAL OPERATIONS, U.S.
IMMIGRATION AND CUSTOMS
ENFORCEMENT, in his or her official
capacity; and  FACILITY
ADMINISTRATOR/WARDEN, MCCOOK
ICE IGSA, in his or her official capacity;

         Respondents.

**8:26CV194**


**ORDER TO SHOW CAUSE**

The Petitioner seeks immediate release from the custody of the Department of Homeland Security at the McCook ICE facility in McCook, Nebraska. Filing No. 1.

As an initial matter, the Court addresses Jennifer Lopez Cruz's ability to bring the Petition on Petitioner's behalf as his next friend.  In order to bring a habeas corpus petition on behalf of another person, the party purporting to act for the detained person must show, at least, the following two things: (1) the real party cannot access the courts, the real party is mentally incompetent, or the real party has some other disability, and the real party cannot therefore bring the action himself; and (2) the party purporting to act for the real party is dedicated to the best interests of the real party.  Whitmore v. Arkansas, 495

1

U.S. 149, 163 (1990). Here, Lopez Cruz has filed an affidavit alleging Petitioner is detained, has limited access to legal resources, has a language barrier, and that she has a significant interest in protecting his interests due to their familial relationship. Filing No. 6 at 1–2. Upon consideration, the Court finds Lopez Cruz has clearly established that she is entitled to bring this habeas action on Petitioner's behalf as his next friend.

Pursuant 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts,[1]

IT IS ORDERED:

1. The Clerk of the Court shall, before docketing this order, add Assistant U.S. Attorney Christopher L. Ferretti and Assistant U.S. Attorney Eric W. Synowicki as counsel for the Respondents and shall, after doing so, regenerate the filing for the petition.

2. The respondents shall, on or before **May 8, 2026**, make a return certifying the true cause and proper duration of the petitioner's detention and showing cause why the writ should not be granted.

3. The respondents' answer must include:

   a. Such affidavits and exhibits as are necessary to establish the lawfulness of the petitioner's detention in light of the issues raised in the petition;

   b. A reasoned memorandum of law and fact explaining the respondents' legal position on the petitioner's claims;

---

[1] Rule 1(b) of the Rules Governing Section 2254 Proceedings for the United States District Courts permits the Court to apply any or all of those rules to habeas corpus petitions arising under 28 U.S.C. § 2241. The Court chooses to apply Rule 4, which requires the clerk to serve a copy of the petition and any order on the respondents and the attorney general or any other appropriate officers.

c.  The government's position on whether an evidentiary hearing should be conducted; and

d.  Whether petitioner was arrested pursuant to a warrant and, if so, a copy of that warrant.

4.  The petitioner may reply in support of the petition on or before **May 13, 2026**.

5.  The respondents are enjoined from removing the petitioner from the United States and from the District of Nebraska until further order of the Court.

6.  If the petitioner has already been removed from Nebraska, the respondents are ordered to immediately return the petitioner to Nebraska.

7.  Petitioner has filed a motion for temporary restraining order asking that Respondents be ordered not to remove him from Nebraska during the pendency of this case.  Filing No. 2.  He has likewise filed an emergency motion for stay of removal seeking the same relief.  Filing No. 5.  Petitioner has also filed a motion seeking to have this matter expedited.  Filing No. 3.

a.  In light of the Court's rulings above, Filing No. 2, Filing No. 5, and Filing No. 3 are **granted**.

8.  Lastly, Petitioner has filed a motion for immediate release, Filing No. 4.  Because this is the same relief Petitioner seeks in his motion for writ of habeas corpus, Filing No. 4 is **denied** as duplicative.  The Court will address the question of release when ruling on the merits of the motion for writ of habeas corpus.

Dated this 5th day of May, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

3